Edmond **BAJRAKTARI,** Petitioner,

v.

Eric H. **HOLDER Jr.,** United States Attorney General,* Respondent.

No. 08–6118–ag.

United States Court of Appeals, Second Circuit.

Jan. 12, 2010.

Andrew P. Johnson, New York, NY, for Petitioner.

Tony West, Acting Assistant Attorney General; Ernesto H. Molina Jr., Assistant Director; Jeffery R. Leist, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WILFRED FEINBERG, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

Attorney General Michael B. Mukasey as respondent in this case.

**196**

### SUMMARY ORDER

Edmond Bajraktari, a native and citizen of Albania, seeks review of a November 18, 2008 order of the BIA affirming the October 25, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edmond Bajraktari*, No. A099 610 056 (B.I.A. Nov. 18, 2008), *aff'g* No. A099 610 056 (Immig. Ct. N.Y. City Oct. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007).

Bajraktari has waived any challenge to the agency's finding that country conditions have changed in Albania, such that he failed to establish a well-founded fear of future persecution. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005). Because this unchallenged finding is dispositive of Bajraktari's asylum and withholding of removal claims, *see Hoxhallari v. Gonzales*, 468 F.3d 179, 182–83 (2d Cir.2006), we decline to review the agency's adverse credibility and alternative burden of proof findings.

Finally, because Bajraktari fails to indicate anything in the record that would compel a reasonable fact finder to conclude that he would more likely than not suffer torture if returned to Albania, the agency's denial of CAT relief was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).